IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL JAMES WILLIAMS | § | |
| VS. | § | CIVIL ACTION NO. 1:14cv333 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Michael James Williams, an inmate confined at the Allred Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a conviction for aggravated sexual assault.

The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be dismissed as barred by the applicable statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections.

Petitioner does not contest the Magistrate Judge's conclusion that his petition was filed after the applicable period of limitations expired. However, he does contest the conclusion that he has not demonstrated he is actually innocent of the offense for which he was convicted. A petitioner who demonstrates he is actually innocent based upon new reliable evidence may challenge a conviction even if his petition was filed after the period of limitations expired. *McQuiggins v. Perkins*, 133 S.Ct. 1924, 1928 (2013). However, in order to avoid having his claims dismissed as time-barred, petitioner must show there is new reliable evidence "so strong that a court cannot have confidence in the outcome of the trial." *Id*. at 1936. The petitioner must demonstrate "it is more

likely than not that no reasonable juror would have convicted" [him]." *Id*. at 1933.

Petitioner has failed to carry this burden. He asserts that the report of the Sexual Assault Nurse Examiner demonstrates the victim told the nurse examiner no sexual assault took place and that the report and certain medical records demonstrate he is actually innocent. However, petitioner has not provided the court with any new medical records.[1] Moreover, as the Magistrate Judge stated, the report of the nurse examiner was available at trial and petitioner's counsel acknowledged that he had received a copy of the report. While petitioner states he was not personally provided with a copy of the report, it cannot be concluded that the report constitutes new evidence. As a result, petitioner has not provided any new evidence in support of his claim of actual innocence. Moreover, the page of the report that is a part of the record does not support a claim of actual innocence as it states the victim told the nurse examiner that petitioner raped her. Petitioner has therefore not demonstrated there is new evidence making it more likely than not that no reasonable juror would have convicted him.

ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED** as the opinion of the court. A final judgment shall be entered dismissing this petition in accordance with the recommendation of the Magistrate Judge.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate that he

---

[1] In his response to the respondent's answer, petitioner states the medical records were attached to his state application for writ of habeas corpus. However, no medical records were attached to the state application. Approximately 10 pages of medical records were admitted into evidence at State's Exhibit 1 during petitioner's bench trial.

would prevail on the merits. Rather, he must demonstrate that the issues he raises are subject to debate among jurists of reason, that a court could resolve the issues raised in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty imposed may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issue of whether his petition is barred by the applicable statute of limitations is subject to debate among jurists of reason. The factual and legal issues raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worth of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**SIGNED** this the 3 day of **January, 2017.**

---
Thad Heartfield
United States District Judge